MATÓ, DEMANDANTE Y APELANTE, v. BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre indemnización.

No. 2380.—Resuelto en diciembre 12, 1921.

HIPOTECA DEL DERECHO HIPOTECARIO—CONSENTIMIENTO DEL DEUDOR.—El derecho de hipoteca puede hipotecarse pero quedando pendiente la que se constituya sobre él, de la resolución del mismo derecho. Para ello no necesita el acreedor hipotecario el consentimiento del deudor.

RESOLUCIÓN DEL DERECHO DE SUB-HIPOTECA—CANCELACIÓN DE LA SUB-HIPOTECA.—Cuando se demuestra que una hipoteca quedó extinguida por haberse pagado la deuda que garantizaba en el término fijado en el contrato, basta el documento público en que así conste debidamente, para que se cancele en el Registro dicha hipoteca y la sub-hipoteca que haya podido constituirse para garantizar cualquier obligación, aunque ella fuere la emisión de cédulas hipotecarias.

DAÑOS Y PERJUICIOS—CAUSA DE ACCIÓN.—Habiendo el acreedor hipotecario cumplido con todo aquello a que se comprometió y otorgado en forma la escritura de cancelación si el registrador de la propiedad se niega erróneamente a dar efecto al documento, no es responsable el dicho acreedor de los daños y perjuicios que pudieran irrogarse al deudor por tal motivo, tanto más cuanto que fué el propio deudor el que presentó el documento y, pudiendo hacerlo, no recurrió de la negativa del registrador.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Benet & Souffront.*

Abogado del apelado: *Sr. Juan de Guzmán Benítez.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un pleito sobre daños y perjuicios. La demandante es dueña de cierta finca rústica que fué hipotecada a favor del banco demandado. Pagada totalmente la deuda garantida por la hipoteca, el banco otorgó escritura de cancelación. Presentada la escritura en el Registro de la Propiedad de San Germán, el registrador se negó a inscribirla porque el crédito había sido subhipotecado por el banco para

garantizar una emisión de cédulas hipotecarias que no constaba que hubiera sido totalmente recogida. No se interpuso recurso gubernativo y la nota del registrador quedó firme.

La demandante puso en conocimiento del banco el hecho de la negativa y el banco pasó el asunto al estudio de su abogado. Así las cosas, se alega por la demandante que se le presentó la oportunidad de vender su finca y el trato se deshizo cuando el comprador se enteró que la finca continuaba gravada según el registro dejando por ello de ganar la demandante la suma de cinco mil dólares y viéndose obligada además a incurrir en gastos ascendentes a seiscientos dólares.

El pleito fué finalmente fallado en contra de la demandante por entender la corte de distrito que la escritura de cancelación otorgada por el banco lo fué debidamente, no siendo dicho banco responsable del error cometido por el registrador al negar eficacia al documento.

Es un hecho admitido que el banco subhipotecó el crédito garantizado con la hipoteca de que se trata, sin pedir el consentimiento del deudor, y la primera cuestión que surge es ¿pudo el banco actuar de tal modo? A nuestro juicio la cuestión debe resolverse en la afirmativa de acuerdo con lo dispuesto en el artículo 107, No. 8, de la Ley Hipotecaria, o sea que: "Podrán hipotecarse, con las restricciones que a continuación se expresan: * * * 8. El derecho de hipoteca voluntaria, pero quedando pendiente la que se constituya sobre él de la resolución del mismo derecho."

Comentando Galindo ese precepto dice:

"'Lo mismo que al tratar la *Exposición de motivos* de los derechos de superficie, repite aquí: que aunque sin una declaración expresa se sobrentendería que el derecho de hipoteca, como los demás derechos reales enajenables, es susceptible de ser hipotecado, se consignaba en la ley, para evitar dudas, y para fijar también la extensión de los derechos del acreedor hipotecario.

"Ni aún ésto nos parece que se necesitaba: porque existiendo los principios legales de que nadie pueda transferir más derecho a otro que el que tiene, y teniéndolo temporal el hipotecante sobre la finca

hipotecada, por cualquier motivo que concluya, concluye también para el subhipotecante. (V. el Com. al art. 82.)'' 3 Galindo. Legislación Hipotecaria, 4ta. ed. 191.

La segunda cuestión es ¿Cumplió el banco demandado con todo su deber en relación con la cancelación? También debe contestarse afirmativamente a nuestro juicio.

Según la escritura de hipoteca constituída a favor del banco, el deudor se comprometió a ''pagar toda clase de gastos que con motivo de este contrato puedan originarse, tanto los del importe de esta escritura, su copia, inscripción en el registro y certificación que después se dirá, como los de toda clase de documentos que fuesen necesarios para ultimar el contrato, así como las escrituras de carta de pago y cancelación total y parcial que podrá exigir el deudor al hacer sus abonos, y que el banco le otorgará desde luego y según proceda, siempre que, como queda dicho, sufrague el primero los gastos, pues el banco no ha de satisfacer ninguno.''

Pagada la deuda, el deudor pidió al acreedor que le otorgara escritura de cancelación y el acreedor lo hizo. El documento contenía todo lo necesario para que se entendiera extinguido por completo el gravamen. El acreedor no estaba obligado por los términos del contrato a llevar al registro el documento. Esta misión correspondía al propio deudor.

El deudor, en efecto, presentó el documento en el registro y el registrador se negó a hacer la cancelación solicitada. Si el registrador actuó sin razón, claro es que no puede hacerse responsable al banco de los perjuicios que pueda haber sufrido el deudor, tanto más cuando que el deudor pudiendo hacerlo no recurrió de la resolución del registrador, limitándose a poner el hecho en conocimiento del banco.

El error del registrador es evidente. Confundió la doctrina de la cancelación de hipoteca constituída para garantizar obligaciones al portador a que se refiere el artículo 82, párrafo 5°. de la Ley Hipotecaria, con la relativa a la can-

celación del derecho de subhipoteca a que se refiere el artículo 107, párrafo 8 de la misma ley que dejamos transcrito.

Si el banco hubiera constituído hipoteca directa sobre fincas a favor de los tenedores de cédulas, entonces no hubiera podido cancelarse esa hipoteca sin que se acreditara la extinción de todas las obligaciones aseguradas de acuerdo con el artículo 82 de la Ley Hipotecaria antes citado.

Pero cuando como en este caso lo que hizo fué hipotecar una hipoteca que de acuerdo con la ley sólo puede hipotecarse con la restricción de que la hipoteca constituída queda pendiente de la resolución del mismo derecho y cuando se demuestra que la hipoteca base quedó extinguida por haberse pagado la deuda que garantizaba en el término fijado en el contrato, entonces basta el documento público en que así conste debidamente, para que se cancele en el registro la subhipoteca que haya podido constituirse para garantizar cualquier obligación, aunque ella fuere la emisión de cédulas hipotecarias. Los tenedores de cédulas no quedan perjudicados. Ellos conocían por el registro y por la ley el alcance de la garantía que se les daba.

Se insiste por la parte apelante en que el banco después de la negativa del registrador asumió voluntariamente la obligación de arreglar la documentación de tal modo que la cancelación pudiera inscribirse en el registro, y no lo hizo.

A este respecto se presentaron como prueba varias cartas del gerente del banco a la demandante. Es dudoso si el banco tuvo conocimiento pleno de la cuestión antes de transcurrir el término para apelar de la negativa del registrador, pero de todos modos la actuación del banco al tratar de preparar la documentación de modo que satisficiera las exigencias del registrador, no obstante haber hecho desde el principio todo lo que tenía que hacer para cumplir su obligación, no puede perjudicarle. Consta de los autos que finalmente cuando el banco terminó de recoger las cédulas hipotecarias garantizadas por la hipoteca de que se trata en este caso y por otros

bienes y no obstante no exigirse ese requisito en ninguno de los otros registros de la isla, otorgó una escritura conforme al artículo 82 y dicha escritura sirvió para cancelar todos los gravámenes inscritos en el Registro de la Propiedad de San Germán para garantizar la emisión de las cédulas de que se trata.

Por virtud de todo lo expuesto y sin necesidad de entrar a considerar y a resolver si se probaron o no los perjuicios alegados, opinamos que procede la confirmación de la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.